ULLOM, Plaintiff-Appellee, v. ULLOM, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3636.   Decided March 24, 1954.

Paul W. Brown, Youngstown, for plaintiff-appellee.

Schermer, Goldstein & Millstone, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, J.

Defendant appeals on questions of law from a judgment of the Court of Common Pleas, Division of Domestic Relations, granting plaintiff a divorce from defendant on the ground of extreme cruelty, and awarding her alimony and custody of a minor child of the parties.

There is evidence that during an argument between the parties when plaintiff attempted to restrain defendant from striking plaintiff's son by a former marriage that defendant struck the plaintiff, and that as a result of such argument it was necessary for the Youngstown Police Department to interfere; that such physical violence was accompanied by a continued course of aggravated conduct; and that defendant insisted on plaintiff indulging in abnormal sex relations with him, which has been held to constitute extreme cruelty.   See Fulmer v. Fulmer, 11 O. D. (N. P.) 795.   Such requests were, as is ordinarily the case, not made in the presence of witnesses, and thus could not be and need not be corroborated as the provision of the statute requiring corroborative evidence does not require that the entire testimony of a party be corroborated.

There is undisputed evidence that the parties have a minor child, whose duty it is the defendant's to support, and the amount of which support as fixed by the trial court was reasonable and just; and there is the usual disputed evidence that defendant was a good husband.

We can not reverse "the decision, order, decree and judgment of the court of common pleas" on the ground that it "is not sustained or supported by sufficient or proper evidence," is "completely unsupported by corroborating evidence as required by §8003-12 GC" (§3105.11 R. C.), "is against the manifest weight of the evidence" and "contrary to law"; and that the trial judge erred "in overruling the motion of defendant-appellant for a directed verdict at the conclusion of plaintiff's case and at the conclusion of the entire case," which disposes of those assigned grounds of error.

Defendant waived his right to rely on the claimed error that the trial judge erred to his prejudice in overruling his motion for a verdict to be directed in its favor when it accepted the ruling of the court and proceeded with its defense and introduced evidence in its own behalf. **Halkies, Appellee, v. Wilkoff Co., Appellant, 141 Oh St 139.**

Appellant's counsel has failed to call our attention to "other errors highly prejudicial to Fred Ullom, defendant-appellant herein, and appearing on the face of the record," as alleged as a ground of error, or to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error.

The judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, NICHOLS, J, concur in judgment.